IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

VERNON ROBINSON,

    Plaintiff,

v.                                      CASE NO. 4:09-cv-00333-SPM-AK

G ARLINE, et al,

    Defendants.

_____/

**O R D E R**

This matter is before the Court upon the filing of a third amended complaint (doc. 15) and a Motion for Clarification. (Doc. 16). The Court previously directed Plaintiff to explain his failure to provide information about prior cases (doc. 14), and he has responded in the "motion" for clarification. The Court accepts Plaintiff's explanation for not listing his prior cases, and insofar as the motion does not seek any further relief, it is deemed MOOT.

Plaintiff was also warned that his claims appear to be barred by the applicable statute of limitations and he was advised to file an amended pleading, which he has done. (Doc. 15). However, he has not provided any information to persuade the Court that his claims are not barred by the statute of limitations and his claims are hereby dismissed.

Plaintiff's complaint arises from his claim that he is a "Waldrup inmate with an entitlement of 37 days incentive gain time a month," which he contends was not given to him. The case cited by Plaintiff, Waldrup v. Dugger, 562 So.2d 687 (Fla. 1990), held that state legislation that reconfigured the way incentive gain time was awarded violated the Ex Post Facto Clause by retroactively reducing the possible discretionary gain time that could be earned which operated to increase the amount of time served. Id., at 692. The court barred DOC from applying the 1983 amendments at issue to inmates convicted of offenses occurring before the effective date of the 1983 Act and ordered DOC to reinstate any gain time lost by application of the new statute to the inmates affected. Id.

Plaintiff complains that he was not allowed this gain time either on his first term of incarceration (from 1979 to 1996) or when he violated his conditional release and was re-incarcerated in February 2003. According to one grievance response attached to his first amended complaint, he was given a tentative release date with all accrued gain time when he was released to supervision on November 12, 1996. (See Doc. 8, Exhibit 1). Hence, he was told to file a third amended complaint and "provide facts supporting that his cause of action began on some date other than 1996." No facts have been provided that directly address the limitations period, and Plaintiff seems to attempt to bypass this bar by attaching his cause of action to grievances he filed in 2008 and 2009 inquiring about gain time and his contention that he should have an earlier release date. The cause of action would, however, arise when he knew or should have known that he had not

been credited with gain time pursuant to Waldrup. See Mullinax v. McElhenney, 817 F.2d 711, 716 (11th Cir. 1987) (and cases cited) (statute of limitations begins to run when the facts supporting the cause of action are apparent or would be apparent to a reasonable person, and when the plaintiff knows or has reason to know of his injury). Since the limitations period is four years, his complaint filed on August 25, 2009, is barred and dismissal is warranted under 28 U.S.C. §1915. Clark v. Georgia Pardons and Parole Bd., 915 F.2d 636, 641, n. 2 (11th Cir. 1990).

Finally, the court in Waldrup reiterated that nothing in that opinion should be construed as restricting the discretion accorded the DOC in awarding gain time. Waldrup, *supra* at 693. Gain time statutes do not create vested rights, i.e. Plaintiff is not "entitled" to incentive gain time as he suggests in his complaint.

A court may dismiss a case proceeding *in forma pauperis* if the complaint fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A.

*Pro se* complaints are to be held to a less stringent standard than those drafted by an attorney. Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), *citing* Haines v. Kerner, 404 U.S. 519, 520-1, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972). However, a plaintiff is still required to "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Worst v. Hart, 1995 WL 431357, *2 (N.D. Fla. 1995). It cannot be assumed that a Plaintiff will prove facts which have not been alleged. Quality Foods de

Centro America, 711 F.2d at 995, *citing* Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 103 S. Ct. 897, 902, 74 L. Ed. 2d 723 (1983). Hence, even though the pleading standard for a *pro se* complaint is quite liberal, "bald assertions and conclusions of law will not suffice." Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996).

Accordingly, it is

**ORDERED:**

1. Plaintiff's Motion for Clarification (doc. 16) is DEEMED MOOT.

2. This cause is hereby DISMISSED as barred by the applicable statute of limitations and for failure to state a claim for relief. The dismissal is without prejudice to Plaintiff's opportunity to pursue any available state or federal remedies to seek release from imprisonment or a proper accounting of his gain time credits

DONE AND ORDERED this 28th day of June, 2010.

       *s/ Stephan P. Mickle*
       Stephan P. Mickle
       Chief United States District Judge